UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ERIC J. HOLCOMB, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:22-CV-191-RLM-MGG |

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint with allegations similar to those in another case he filed, Chambers v. Department of Correction, No. 3:22-cv-172-RLM-MGG (N.D. Ind. filed Mar. 3, 2022). The court gave him a chance to clarify whether he intended for this complaint to open a new case or for it to serve as an amended complaint in his prior case. He was informed that if he didn't respond, this complaint would proceed as a separate case. The deadline passed on April 13 with no response from Mr. Chambers, and so this complaint will proceed as a separate case.

In this complaint, Mr. Chambers sues Governor Eric J. Holcomb, Indiana Department of Correction Commissioner Robert E. Carter, Jr., and Assistant IDOC Commissioner Richard Brown, seeking to hold them accountable for injuries he sustained following an attack by other inmates on January 7, 2022. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Chambers's complaint details how he was attacked when the officer in charge of his unit let out four other inmates while he was also out of his cell, even though the unit was on lockdown. When the officer who was supposed to be on the floor took a bathroom break, he says he had to fight to protect himself against the other offenders, who attacked him with a crate and a stick. Mr. Chambers seeks to hold the defendants accountable "for not ensuring their staff are doing their job." ECF 1 at 3. He asserts that he has written the defendants "and told them about the conduct." *Id.*

To be liable under 42 U.S.C. § 1983, a defendant must have been personally involved in the violation of the plaintiff's constitutional rights. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018). High-level officials can't be held liable for the acts of their subordinates simply because of their supervisory duties over the prison system. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). A supervisory official can be held liable for a subordinate's constitutional violation if the violation occurred "at a defendant's direction" or with his "knowledge or consent." Mitchell v. Kallas, 895 F.3d at 498. This complaint contains no allegations from which it could plausibly infer that

any of the defendants had forewarning of this attack on Mr. Chambers or were otherwise involved in this particular event.

Nor can liability be based on the letters Mr. Chambers says he wrote these defendants. He alleges that he has written the defendants letters about his life being in danger at Miami Correctional Facility because staff are harassing him and inmates keep assaulting him. These letters, without more, can't provide a basis to sue these high-level officials, who have no apparent role in the day-to-day running of Mr. Chambers' current facility. High-level officials may permissibly delegate tasks to others within the organization:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

Burks v. Raemisch, 555 F.3d at 595. Getting a letter from Mr. Chambers isn't enough to make the Governor, the IDOC Commissioner, and the Assistant IDOC Commissioner responsible for his injuries from an attack. Mr. Chambers doesn't allege any facts indicating these defendants were directly involved in the treatment that he received or the staff's decision-making concerning his placement at Miami.

This complaint doesn't state a claim for which relief can be granted. Mr. Chambers may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual

standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He must identify the individual prison officials who were personally involved in the alleged constitutional violations and explain how they were involved in the events. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jerry Chambers until **June 1, 2022**, to file an amended complaint; and

(2) CAUTIONS Mr. Chambers that if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 28, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
